IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3076 |
| | ) | |
| v. | ) | |
| | ) | |
| TALENT PLUS and STATE OF | ) | **MEMORANDUM AND** |
| NEBRASKA EMPLOYEES, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of the Complaint and for a determination of whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. As set forth below, the court finds that summary dismissal is appropriate because the Complaint is frivolous and fails to state a claim upon which relief may be granted. Plaintiff filed his Complaint in this matter on April 16, 2008. (Filing No. 1.) Plaintiff also filed a Motion to Proceed In Forma Pauperis and a Motion for Preliminary Injunction on April 16, 2008. (Filing Nos. 2 & 3.)

**I.      Summary of Complaint**

Plaintiff filed his Complaint on April 16, 2008 against Talent Plus and State of Nebraska Employees. (Filing No. 1 at CM/ECF p. 1.) In Plaintiff's Complaint, he states that he is suing Defendants for "theft of creative ideas." (*Id.*) Plaintiff asserts that he has been "[i]llegally connected to this MRI cat-scan And Robbed of [his] creative Ideas & Marketing Everysince I open C & E Entertainment In the year 2002." (*Id.* at CM/ECF p. 2.) Plaintiff further states that his "patent, and creative Idea's And Marketing Is Being Developed [] By the state of Nebraska employees and Affiliate's under the Talent + Registration." (*Id.* at CM/ECF pp. 3-4.) Although difficult to decipher, Plaintiff appears to be claiming that State of Nebraska employees stole Plaintiff's "creative ideas" through forced medication and by

performing an MRI and CT scan.

## II. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) & 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. Discussion of Claims

The court has carefully reviewed the Complaint. Almost all of Plaintiff's allegations are indecipherable. The specific allegations which the court can decipher do not support a claim under the United States Constitution or any federal statute. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, Plaintiff's claims are dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, Plaintiff's Complaint is dismissed without prejudice as frivolous and because it fails to state a claim upon which relief can be granted.

2. A separate judgment will be entered in accordance with this memorandum and order.

May 15, 2008.                BY THE COURT:

                             s/ *Richard G. Kopf*
                             United States District Judge